## FATMAN & CO. v. D. T. BROWN.

**Common Carrier — Injury to Goods in Transit — Damages — Consignee not Responsible.**

Where goods are injured in transit, it not being the result of any improper conduct on the part of the consignee, he cannot be held responsible for the damages, and is only accountable to the consignor for the price received for the damaged goods.

**Commission Merchants — Duties to Customers.**

Where a consignee makes advances on tobacco shipped him by commission merchants, such advancing does not give them the exclusive right to control it except to sell so much of same as was necessary to reimburse them; nor does it give them the right to reship to a foreign market, without the consent, express or implied, of consignor.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

March 4, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

It is evident from the proof that the jury gave the appellee, on his answer and cross-petition, the benefit of his claims for the three hogsheads of tobacco at the weight alleged by him, and then gave the value thereof at the highest figures proven, say $27 per hundred net.

One hogshead got injured on the boat on its passage to Cincinnati, so much, that the middlemen, the agents of the railroad and consignee there, would not receive it to be forwarded to the consignor, Fatman & Co., New York; this hogshead was properly valued as though it had not been injured and the boat paid for it to the consignees at Cincinnati which was afterward paid over by them to Fatman & Co.

The injury was an accident of transportation, and not being the result of any improper conduct of Fatman & Co., they should not be held responsible for it.

The loss being adjusted by the boat, without suit and nothing appearing to show that appellee was injured by this adjustment through any careless or improper conduct of Fatman & Co., they should not be held responsible for more than they received on account of said hogshead of tobacco.

Fatman & Co. did not by their advances get the unlimited right to control appellee's tobacco; they thereby got the right to control and sell so much of it as was necessary to reimburse them, in the New York market, but not to ship it to a foreign market, or sell in any other than the New York market, without the consent, express or implied, of appellee; and no such power is to be inferred from mere advancing. Nor does the evidence establish, but negatives, any such commercial custom or regulation in New York; it cannot, therefore, be inferred from the known commercial custom of the place.

Fatman & Co. should be held responsible for the fair market value of the two hogsheads of tobacco in the market of New York city, as if sold within a reasonable time after their arrival, and for the price obtained for the damaged hogshead sold at Cincinnati.

This is evidently not the criterion by which the jury were governed, therefore, the judgment is reversed for a new trial and further proceedings as herein indicated.

*McPherson,* for Appellant.